**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Quatrela Pate, individually and as Guardian ad Litem to De'Jior Payne, a minor,<br><br>Plaintiff,<br><br>v.<br><br>Wal-Mart Stores, Inc., dba Wal-Mart Supercenter #2592, et al.,<br><br>Defendants. | Case No.: 2:12-cv-1377-JAD-PAL<br><br>**Order Granting in Part Defendants' Motion for Summary Judgment [Doc. 21]** |

Plaintiff Quatrela Pate claims several boxes fell on her and her son while they were shopping at a Wal-Mart store in North Las Vegas, Nevada. She sues Wal-Mart for negligence both directly and on a vicarious-liability theory on behalf of herself and her son. Wal-Mart now moves for summary judgment, arguing that Pate cannot prove breach of duty or causation and that Pate cannot substitute those elements with a *res ipsa loquitor* theory.[1] Although Wal-Mart has failed to supply enough evidence to support judgment in its favor, its moving papers demonstrate that Pate's negligence claim may not be premised on the burden-shifting framework of a *res ipsa loquitor* theory. The Court thus grants Wal-Mart's motion as to Pate's *res ipsa loquitor* theory but denies it in all other respects.

**Discussion**

**A.    Summary Judgment Standards**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter

---

[1] The Court will refer to "respondeat superior" for all three theories, except as otherwise specified.

of law."[2] When considering the propriety of a summary judgment motion, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[3] If reasonable minds could differ on the material facts at issue, summary judgment is not appropriate because the purpose of summary judgment is to avoid unnecessary trials when the facts are undisputed.[4] The Court need only consider properly authenticated, admissible evidence.[5]

Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[6] "[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."[7] Rule 56(e)(2) states that "[i]f a party fails to properly . . . address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."[8]

**B.   State of the Evidence**

***1.   The majority of Wal-Mart's evidence is unauthenticated and cannot be considered.***

To support its motion, Wal-Mart attaches: (1) pages from the transcript of Pate's December 6, 2012, deposition, Doc. 21-2 (Exhibit A); (2) a printout from the Wal-Mart website, stating "Corporate & Financial Facts" about the company, Doc. 21-3 (Exhibit B); (3) the Affidavit of Steve Sotelo, an Assistant Manager at the Wal-Mart store in question,

---

[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[3] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[4] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[5] *Orr v. Bank of Amer.*, 285 F.3d 764, 773-74 (9th Cir. 2002).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[7] *Celotex*, 477 U.S. at 324.

[8] *Id.*

Doc. 21-4 (Exhibit C); and (4) Pate's November 2, 2012, answers to Wal-Mart's Interrogatories and Requests for Production of Documents, Docs. 21-5, 21-6 (Exhibits D, E). Wal-Mart attaches the unsworn declaration of Siria L. Gutierrez, one of Wal-Mart's defense attorneys, in an attempt to authenticate these exhibits. Doc. 21-1 (Exhibit A).[9]

Under Rule 56(c)(4), "[a]n affidavit or declaration used to support a motion must be made on personal knowledge. . . ."[10] More generally, Federal Rule of Evidence 901 states that to properly authenticate a document, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."[11]

Pate's deposition excerpts are not properly authenticated. Wal-Mart attempts to authenticate them through Gutierrez's declaration that these pages are "true and correct" copies "of salient portions of" Pate's deposition transcript, Doc. 21-1 at 1, but this attorney lacks the personal knowledge required to authenticate these excerpts. Under similar circumstances in *Orr v. Bank of America*, the Ninth Circuit held that an attorney's attestation that a deposition transcript is "true and correct" is not sufficient to authenticate it on summary judgment.[12] A party seeking to introduce a deposition transcript excerpt on summary judgment must attach the court reporter's certification that the deposition is a true and correct copy of the deponent's testimony because only the court reporter who transcribed the testimony has the requisite personal knowledge of the transcript's accuracy.[13] Without this certificate, Pate's deposition transcript is inadmissible for purposes of summary judgment and will not be considered.

---

[9] Gutierrez's Declaration complies with the requirements for an unsworn declaration under 28 U.S.C. § 1746, as it is dated and contains language "substantially similar" to: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *See* 28 U.S.C. § 1746.

[10] Fed. R. Civ. Proc. 56(c)(4).

[11] Fed. R. Evid. 901(a).

[12] *See Orr*, 285 F.3d at 774 (citations omitted).

[13] *Id.*

1    Although Gutierrez may be correct that it is "public knowledge" that Wal-Mart invites
2 the public into its stores to shop for its everyday needs, the "Corporate & Financial Facts"
3 statement attached at Exhibit B does not specifically state that this is the case. *See* Doc. 21-3
4 at 2. Instead, the document contains general information about Wal-Mart's leadership, U.S.
5 and international operation, and its online presence, and it is inadmissible hearsay. *See id.*
6 The "Corporate & Financial Facts" document cannot be considered for purposes of this
7 motion.

8    The Affidavit of Wal-Mart Assistant Manager Steve Sotelo (Exhibit C) satisfies Rule
9 56(c)(3) because Sotelo affirms that he has "personal knowledge of the facts set forth in [his]
10 Affidavit," as well as his ability to "testify to them if called upon to do so." Doc. 21-4 at 2.
11 Pate's discovery responses at Exhibits D and E are also sufficiently authenticated. Her
12 interrogatory responses are signed by Pate's attorney, verified by Pate, and Gutierrez's
13 declaration states that they are true and correct copies—a fact that Gutierrez would have
14 personal knowledge of. *See* Docs. 21-1 at 3; 21-5 at 7-8.[14] Pate's responses to Wal-Mart's
15 requests for production of documents are also signed by her attorney and properly confirmed
16 as true and correct in Gutierrez's declaration. *See* Docs. 21-1 at 3; 21-6 at 5.

17    Wal-Mart also submits two documents along with its reply to the motion. Even
18 assuming *arguendo* that the Court was inclined to set aside its typical policy against
19 considering new evidence on reply,[15] these documents yield no new admissible evidence.
20 Wal-Mart's first exhibit consists of more unauthenticated excerpts from Pate's deposition,
21 Doc. 25-1, and the second exhibit is a re-attached affidavit from Sotelo. Doc. 25-2. Since
22 the first is inadmissible and the second duplicative, neither is considered here.
23 / / /
24 / / /
25 / / /

---

[14] *See Romero v. Nevada Dep't of Corrections*, 2013 WL 6206705, at *10 (D. Nev. Nov. 27, 2013).

[15] *American Civil Liberties Union of Nevada v. City of Las Vegas*, 13 F. Supp. 2d 1064, 1071 (D. Nev. 1998).

4

### *2.  The majority of Pate's evidence in her response is also not authenticated and cannot be considered.*

Pate also submits several exhibits with her response, many of which are not admissible. Pate's Exhibit 1 consists of black and while photographs of merchandise, but Pate—who is represented by counsel—offers no affidavit identifying who took the photos, who has personal knowledge of the photos, or any other indicia of why they can be considered on summary judgment. *See* Doc. 24-1. Pate also seeks to introduce her deposition transcript, but like Wal-Mart she fails to attach the requisite reporter's certificate. *See* Doc. 24-2. Pate also attaches what purport to be her medical records, Doc. 24-3, and a "Record Review" of certain medical evidence, Doc. 24-5, for which no effort has been made to provide proper authentication. The only admissible document Pate supplies is her own affidavit, Doc. 24-4, that contains facts of which she has "actual knowledge" and that evinces an ability to testify to them. *See id.* Thus, it is on this limited evidentiary record that the Court considers this motion.

## C.  Negligence

A plaintiff alleging a negligence claim in Nevada must establish four elements: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."[16] "Negligence is never presumed but must be established by substantial evidence."[17] "*Res ipsa loquitor* is an exception to the general negligence rule" that "a mere happening of an accident or injury will not give rise to the presumption of negligence."[18] The doctrine allows a party "to infer negligence" when (1) the event is of a kind that "ordinarily does not occur in the absence of someone's negligence," (2) it is "caused by an agency or instrumentality within the exclusive control of the defendant, and (3) it was "not due to any voluntary action or contribution of the plaintiff."[19]

---

[16] *Sanchez v. Wal–Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

[17] *Gunlock v. New Frontier Hotel*, 370 P.2d 682, 684 (Nev. 1962).

[18] *Woosley v. State Farm Ins. Co.*, 18 P.3d 317, 321 (Nev. 2001).

[19] *Id.* at 321 (quoting *Bialer v. St. Mary's Hospital*, 427 P.2d 957, 958 (Nev. 1967).

Wal-Mart argues that plaintiff cannot prove the elements of ordinary negligence and that the facts of this case preclude plaintiff from having negligence inferred under a *res ipsa loquitor* theory. Doc. 21. Wal-Mart has not demonstrated its entitlement to summary judgment on anything but the *res ipsa loquitur* theory.

### *1.     Res Ipsa Loquitor presumption*

Wal-Mart argues that Pate cannot establish entitlement to a *res ipsa loquitor* burden-shifting presumption because it is clear that Wal-Mart did not have exclusive control of the boxes which fell on Pate and her son. Doc. 21 at 6. Pate offers no response to Wal-Mart's argument, *see* Doc. 24, an omission that Wal-Mart characterizes as a tacit concession of this point. Doc. 25.

For *res ipsa loquitur* burden-shifting to apply, a plaintiff must establish that the event in question is: (1) of a kind that ordinarily does not occur in the absence of someone's negligence; (2) caused by an agency or instrumentality within the exclusive control of the defendant; and (3) not due to any voluntary action or contribution of the plaintiff.[20] *Res ipsa* presupposes that "the chief evidence of the true cause, whether culpable or innocent, is practically accessible to the defendant but inaccessible to the injured person. If the circumstances do not suggest or indicate superior knowledge or opportunity for explanation on the part of the party charged, or if the plaintiff himself has equal or superior means of information, the doctrine will not apply."[21] In general, the *res ipsa* doctrine "is an exception to the general rule that negligence is not to be presumed, but must be affirmatively proved."[22]

Wal-Mart argues that its customers routinely pick up and replace boxes of merchandise from the store, and it cites persuasive authority from other jurisdictions concluding that *res ipsa* is not available when customers have direct access to merchandise. *See* Doc. 21 at 5-8. But the Court need not determine whether Nevada courts would adopt a

---

[20] *Woosley v. State Farm Insurance Co.*, 18 P.3d 317, 321 (Nev. 2001) (quoting *Bialer v. St. Mary's Hospital*, 427 P.2d 957, 958 (Nev. 1967)).

[21] *Hospital Ass'n v. Gaffney*, 180 P.2d 594, 599 (Nev. 1947).

[22] *Davies v. Butler*, 602 P.2d 605, 613 (Nev. 1979) (quoting *Gaffney*, 180 P.2d at 599).

6

rule barring the application of the *res ipsa* doctrine for customer-accessible merchandise to determine whether Wal-Mart is entitled to summary judgment on Pate's *res ipsa* theory. As the Ninth Circuit explained in *Ashland v. Ling-Temco-Vought, Inc.*, "the burden is on and remains with plaintiffs to establish each of the *res ipsa* elements. Only when the elements are established may an inference of negligence be raised . . . ."[23] Pate has completely failed to argue that the evidence supports Wal-Mart's liability under a *res ipsa* theory. Accordingly, Wal-Mart's motion for summary judgment on Pate's potential *res ipsa* theory is granted.

### *2. Breach of Duty*

Wal-Mart next argues that they are entitled to summary judgment on Pate's ordinary negligence claim because Pate cannot establish either that Wal-Mart breached a duty to her, or that there was a causal relationship between the breach and her injuries. Doc. 21 at 8-20.

It is undisputed that Wal-Mart is a business open to the general public, obligating Wal-Mart to exercise reasonable and ordinary care in maintaining its premises in a reasonably safe condition for use.[24] Wal-Mart claims that it "had protocols in place for associates to actively seek out potential hazards throughout the date," and "preventative measures in place to ensure merchandise was stacked in a stable manner." Doc. 21 at 3. The description of events indicates that Wal-Mart associates were trained to stack items on Wal-Mart's shelves in a particular manner and were required to perform hourly sweeps to ensure that aisles were clear. Doc. 21-4 at 3.

Missing from Wal-Mart's evidentiary submission, however, is specific evidence that the boxes in question were stacked appropriately or indicating how long they remained in that condition. *See* Doc. 21-4. Indeed, there is no evidence of how much time had elapsed between Wal-Mart's last "safety sweep," if any, and the time of Pate's accident. In her interrogatory responses, Pate states that the boxes that fell on her "appeared to be

---

[23] 711 F.2d 1431, 1441 (9th Cir. 1983).

[24] *Basile v. Union Plaza Hotel & Casino*, 887 P.2d 273, 275 (Nev. 1994) (citations omitted).

7

overstocked" and that "[t]here were numerous boxes on the shelf and many fell on the floor after the incident. The shelving equipment lacked stacking support." Doc. 21-5 at 3. Pate goes on to note that, "[g]iven the weight of the items the boxes should have been securely stacked or inspected by a Wal-Mart employee to ensure the safety of its patrons. Particularly with the heavy items being placed on the top shelf." *Id.* And although Wal-Mart claims that Pate "admitted" at her deposition that she did not observe the merchandise before it fell, Doc. 21 at 2-3, Wal-Mart failed to properly introduce this fact for the Court's consideration by authenticating Pate's deposition transcript. *See supra* at 3. Construing all reasonable doubts and inferences in Pate's favor as this Court must for purposes of this motion, the Court cannot conclude as a matter of law that Wal-Mart did not breach a duty owed to Pate to keep the premises safe.

### *3.    Causation*

Wal-Mart next argues that Pate cannot establish causation. Doc. 21 at 15. To prove causation, Pate must show that but for Wal-Mart's negligence, her injuries would not have occurred.[25] Wal-mart cites no admissible evidence for its proposition that Pate cannot prove causation, even though Pate's interrogatory responses state that boxes stacked on a shelf in the sporting goods section of the Wal-Mart store "fell on me," due to her appraisal that the boxes were improperly stacked. Doc. 21-5 at 3. There is ample evidence that but for Wal-Mart's conduct the boxes would not have fallen on Pate, leaving a genuine issue of material fact that precludes summary judgment.

### D.    *Respondeat Superior*

Wal-Mart also moves for summary judgment on Pate's vicarious liability/joint and several liability/*respondeat superior* claim, re-hashing its argument that Pate fails to establish that Wal-Mart was negligent as a general matter, and further claiming that Pate has failed to identify any employee who may have been acting within the course and scope of employment at the time the tortious act occurred. Doc. 21 at 16. In her response, Pate states

---

[25] *Taylor v. Silva*, 615 P.2d 970, 971 (Nev. 1980).

that both her negligence and *respondeat superior* theories "overlap," but she fails to elaborate on why this is so. Doc. 24 at 7.

*Respondeat superior* liability may be imposed against an employer if an employee acting within the course and scope of his or her employment caused the tortious act to occur.[26] Vicarious liability "mak[es] the employer liable for the negligence of the independent contractor, irrespective of whether the employer has himself been at fault."[27] Similarly, joint and several liability is a theory in which one tortfeasor can be held liable for the entirety of a damage amount notwithstanding the absence of other tortfeasors in the suit.[28]

Pate has not identified any Wal-Mart employee directly responsible for her injury, but neither has Wal-Mart demonstrated the absence of a genuine issue of material fact to support a vicarious liability or *respondeat superior* theory of liability. For its argument, Wal-Mart relies on the affidavit of Soleto, but Soleto does not attest that the associates responsible for keeping Wal-Mart's aisles secure were not either employees or agents nor that any employee responsible for the area acted outside the course and scope of his or her employment such that Wal-Mart may not be held liable for that employee's or agent's negligence. As Wal-Mart has not demonstrated the absence of a genuine issue of fact in this regard, summary judgment on Pate's *respondeat superior* liability claim is not available.

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part, as follows:

1. It is **GRANTED** as to any negligence theory based on *res ipsa loquitor.*

///
///
///

---

[26] *Kornton v. Conrad, Inc.*, 67 P.3d 316, 317 (Nev. 2003).

[27] *San Juan v. PSC Industrial Outsourcing*, 240 P.3d 1026, 1029 (Nev. 2010) (quotation omitted).

[28] *Humphries v. Eighth Judicial District Court*, 312 P.3d 484, 488 (Nev. 2013) (citation omitted); *see Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (per curiam).

2. It is **DENIED** in all other respects.

Dated: July 21, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

10