BRENDA H. ENTZMINGER
Nevada Bar No. 9800
PHILLIPS, SPALLAS & ANGSTADT LLC
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| QUATRELA PATE, individually and as Guardian ad Litem for DE'JIOR PAYNE, a minor,<br><br>                Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>                Defendant. | Case No:  2:12-cv-01377-JAD-PAL<br><br>**DEFENDANT WAL-MART STORES, INC.'S MOTIONS IN LIMINE RE MEDICAID BILLING, WALMART'S FINANCIAL CONDITION AND PLAINTIFF'S ALLEGATIONS RE POST-TRAUMATIC STRESS DISORDER** |

Comes Now, Defendant Wal-Mart Stores, Inc. ("Walmart" or "Defendant") and hereby submits its Motions in Limine to Exclude Evidence Regarding Medicaid Billing, Walmart's Financial Condition and Plaintiff's allegations Regarding Post-Traumatic Stress Disorder.

## I.    MATTERS TO BE EXCLUDED FROM EVIDENCE AND FROM THE JURY

Defendant hereby moves this Court for the following Orders prohibiting Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses from testifying on behalf of Plaintiff and from discussing, posing questions regarding, introducing evidence regarding, or in any manner suggesting to the jury any of the following matters, and that Plaintiffs' counsel be ordered to inform each of Plaintiff' witnesses of the Court's Orders *in limine* outside the presence of the jury and before each witness testifies.

## II.  PLAINTIFF'S PAST MEDICAL EXPENSES MUST BE LIMITED TO MEDICAID PAYMENTS, NOT UNPAID BILLED AMOUNTS

Because Plaintiff Quatrela Pate is a recipient of Medicaid benefits, her admissible past medical expenses must be limited to amounts paid, not amounts charged/billed. Plaintiffs disclosed $135,000 in past medical expenses, though that number is illusory. At trial, Plaintiff *may not* "blackboard" amounts that were included in a provider's bill, but for which she never incurred liability because the provider, by agreement, accepted a lesser amount as full payment.

Plaintiff Quatrela Pate claims that her medical providers have charged $135,000. However, Plaintiff has not actually incurred all of these expenses for her claimed treatment; instead, much of her expenses were adjusted by Medicaid and the providers accepted lesser amounts as payment in full, because Plaintiff is a recipient of Medicaid benefits. Therefore, this $135,000 in claimed damages is merely an illusory figure not representative of a reasonable value for Plaintiff's treatment.

Plaintiff cannot be allowed to manufacture a windfall by claiming inflated amounts that were included in her providers' bills but which were never paid *by any entity* and in fact, were paid in full at reduced amounts by the taxpayers, via Medicaid. Numerous jurisdictions nationwide have adopted and applied this rule, because it is fundamentally unjust to allow Plaintiff to obtain a windfall at the taxpayers' expense. *Davis v. Mgmt & Training Corp. Ctrs*, 2001 U.S. Dist. LEXIS 8361, *7-8 (D.Kan. May 30, 2001) (reducing plaintiff's damages recoverable to Medicaid payments, as it would be "unconscionable to permit taxpayers to bear the expense of providing free medical care to the plaintiff and then allow the plaintiff to recover damages for free medical services and pocket the windfall"); *Moorhead v. Crozer Chester Med. Ctr.*, 765 A.2d 786, 788 (Pa. 2001) (plaintiff entitled only to the amount actually

paid by Medicare); *Lindholm v. Hassan*, 369 F.Supp.2d 1104, 1108 (D.S.S. 2005) (same); *Wildermuth v. Staton*, 2002 WL 922137 (D.Kan. April 29, 2002) (collateral source does not apply to Medicare write-offs that are never paid); *Mitchell v. Hayes*, 72 F.Supp.2d 635, 637-38 (W.D. Va. 1999) (same); *Terrell v. Nanda*, 759 So.2d 1026, 1031 (La.App. 2000) (plaintiffs could not recover portion of medical expenses contractually adjusted pursuant to the requirements of the Medicaid program).

Numerous additional jurisdictions have limited "blackboard" numbers to the amounts *actually paid* by the plaintiff or on her behalf. *See, e.g.*, *Hanif v. Hous. Auth.*, 200 Cal.App. 3d 635, 643 (1988) (plaintiff could recover as special damages for medical care only the amount actually paid by Medi-Cal on Plaintiff's behalf); *Mesirow v. Lesierv*, 2005 U.S. Dist. LEXIS 31482, *11 (D.Ariz. 2005) ("[T]he collateral source rule is best honored by permitting Plaintiff to recover amounts paid by him or his insurer, [while] barring recovery of any amount of discounts or write-offs which neither Plaintiff nor his insurer incurred."); *Chapman v. Mazda Motor of Am., Inc.*, 7 F.Supp.2d 1123, 1125 (D.Mon. 1998) ("[A]n award of damages for past medical expenses in excess of what the medical care and services actually cost constitutes over-compensation.").

The California Supreme Court has held that the collateral source rule has no bearing on amounts billed but not paid *by any entity*, because they do not represent an economic loss for the plaintiff and, as such, are not recoverable. *Howell v. Hamilton Meats & Provisions*, 52 Cal. 4th 541, 551-55 (Cal. 2011).

In defining the parameters of the collateral source rule, that court explained that the rule "precludes certain deductions against otherwise recoverable damages, *but does not expand the scope of economic damages to include expenses the plaintiff never incurred*." *Id*. at 549

(emphasis added). "To be recoverable, a medical expense must be both incurred *and* reasonable. *Id*. at 555 n.6 (emphasis in original). "[I]f the plaintiff negotiates a discount and thereby receives services for less than might reasonably be charged, the plaintiff *has not suffered a pecuniary loss* or other detriment in the greater amount and *therefore cannot recover damages for that amount*." *Id*. at 555 (emphases added). The court applied the same rule when "a collateral source, such as the plaintiff's health insurer, has obtained a discount for its payments on the plaintiff's behalf." *Id*. Consequently, the court held that restricting recovery to amounts *actually paid* by a plaintiff or on his or her behalf *does not* contravene the collateral source rule. *Id*. at 566.

The Nevada Supreme Court has explicitly recognized that, under Nevada law, certain payments and reductions in a plaintiff's medical bills are correctly excepted from the collateral source rule, and that, in those instances, "the evidence of the amounts *actually paid* should [be] admitted[.]" *See Tri-County Equip. & Leasing, LLC v. Klinke*, 128 Nev. Adv. Op. 33, *8 (June 28, 2012) (reversing trial court exclusion of evidence of payments and write-downs of plaintiff's medical bills) (emphasis added).

Therefore, Defendant respectfully requests an Order limiting Plaintiff's blackboarding of past medical expenses at trial to those amounts *actually paid* by Plaintiff or on Plaintiff's behalf by Medicaid.

## III.  MOTION TO EXCLUDE EVIDENCE OF DEFENDANT'S FINANCIAL CONDITION

Although general knowledge about Defendant's corporate status and financial condition is known by the public, Defendant seeks an Order prohibiting Plaintiff or Plaintiff's attorneys from referring to the wealth of the Defendant during trial. It is anticipated that Plaintiff may seek to prejudice the jury by characterizing Defendant as a corporate giant with "deep

pockets," and by implying, insinuating, or stating that Defendant acted (or declined to act) in some manner in order to obtain more profits at the expense of Plaintiff's safety. Therefore, Defendant files this motion to preclude any mention of, or questioning regarding, Defendant's corporate assets, earnings, profits, or the like.

The Federal Rules of Evidence provides that, with limited exceptions, "[a]ll relevant evidence is admissible" and, with _no_ exception, "[i]rrelevant evidence is not admissible." *See* Fed. R. Evid. 402. Here, the financial status of Walmart is not relevant, as Plaintiff has not asserted a punitive damages claim, and references to the wealth of Walmart offers no probative value in this alleged slip and fall case.

Moreover, even if there were some relevance to the financial position of Walmart, such relevance is substantially outweighed by the prejudice to this defendant at trial, as it would tend to elicit a decision from the jury on an improper basis. *See* Fed. R. Evid. 403. As a corporation, Walmart is entitled to the same rights afforded an individual litigant. *See* 9th Circuit Civil Jury Instructions (2014 Ed.), Instruction No. 4.10 ("All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.").

Walmart already enters the trial at a disadvantage, as it is a global corporation which receives an abundance of press and may be perceived as sufficiently wealthy to pay Plaintiff's damages, _irrespective of actual liability_. Plaintiff should not be allowed to attempt to focus the jury's attention on these potential prejudices to inflame the jury against Defendant.

Therefore, Walmart respectfully requests this Court to exclude any reference to Walmart's wealth, business success, profits, or other evidence of its financial condition.

//

### IV.    PLAINTIFF'S POST-DISCOVERY ALLEGATIONS RE POST-TRAUMATIC STRESS DISORDER

Plaintiff's February 7, 2014 Response to the Court's Order to Show Cause makes reference to "uncontrolled PTSD."  (Dkt. Filing No. 40, p. 3).  This alleged condition was never disclosed during the discovery period.  Had it been, Defendant could have elected to conduct a neuropsychiatric, neuropsychological or psychological Rule 35 examination.  By failing to timely disclose this alleged condition, as Plaintiff was required to do per Rule 26, Plaintiff prevented Defendant from investigating, conducting discovery into and defending against this alleged condition.  Defendant respectfully requests an Order precluding Plaintiff from admitting any evidence regarding or referencing this previously undisclosed condition.

DATED this 4th day of October, 2015

PHILLIPS, SPALLAS & ANGSTADT LLC

/s/ Brenda Entzminger

BRENDA H. ENTZMINGER
Nevada Bar No. 9800
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

Attorneys for Defendant
Wal-Mart Stores, Inc.