1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4

5

6

7

8

9

10

11

12

13

Quatrela Pate, individually and as Guardian
ad Litem for De'Jior Payne, a minor,

      Plaintiff

v.

Wal-Mart Stores, Inc. dba Wal-Mart
Supercenter #2592,

      Defendant

2:12-cv-01377-JAD-PAL

**Order Granting Wal-Mart's Motion in
Limine to Exclude Untimely Disclosed
Damage Claims, Witnesses, and Evidence
[ECF 47]**

**and**

**Order Denying Wal-Mart's Motion in
Limine to Limit Medical Expenses to
Amounts Paid and Granting Wal-Mart's
Motion in Limine to Exclude Evidence of
Its Financial Condition and Pate's Post-
traumatic Stress Disorder
[ECF 48]**

14

15

16

17

18

19

20

21

      Plaintiff Quatrela Pate sues Wal-Mart for negligence—both directly and on a vicarious-

liability theory on behalf of herself and her son—claiming that several boxes fell on her and her

son while they were shopping at a Wal-Mart store in North Las Vegas, Nevada.  Trial is set for

November 3, 2015.  Wal-Mart filed two motions in limine.[1]  Pate filed a response that she linked

through the court's CM/ECF system to both of Wal-Mart's motions in limine[2] and, later, a notice

that she was not opposing Wal-Mart's first motion in limine (ECF 47).[3]  With the parties in

agreement, Wal-Mart's request to exclude from trial damage claims, witnesses, and evidence that

were not timely disclosed by Pate is granted.

22

23

24

      Wal-Mart's second motion in limine asks me to (1) limit Pate's medical-expense

evidence to the amounts that were actually paid to her medical providers, (2) exclude evidence of

25

26

27

28

---

[1] ECF 47, 48.

[2] ECF 50.  The contents of Pate's response (ECF 50) pertains only to Wal-Mart's second motion
in limine (ECF 48).

[3] ECF 51.

Wal-Mart's financial condition, and (3) exclude evidence of Pate's claim of post-traumatic distress disorder.  Pate argues that the first request is impermissible under Nevada's collateral-source rule.  She has no objection to the second.  And she asks that, in granting the third, I not prohibit her from testifying to the general pain, suffering, and mental anguish that she allegedly suffered as a result of the incident.

This is Wal-Mart's fourth attempt to have a court in this district carve an exception for medical-provider discounts out of Nevada's rule barring the admission of evidence of a collateral source of payment for an injury for any purpose.[4]  Wal-Mart's retread arguments fare no better this time around.  Like the three previous judges who rejected these arguments, I decline to recognize Wal-Mart's proffered exception to Nevada's collateral-source rule.  I thus deny Wal-Mart's motion in limine to limit Pate's medical-expense evidence to the amounts that her providers were actually paid, but I grant its request to exclude evidence of Wal-Mart's financial condition and of Pate's belatedly claimed post-traumatic stress disorder.

### Discussion

The Federal Rules of Evidence do not expressly authorize motions in limine, but district courts can rule on pretrial evidentiary motions under their "inherent authority to manage the course of trials."[5]  Pretrial consideration avoids the futile attempt to "unring the bell" when jurors see or hear inadmissible evidence, even when it is stricken from the record.[6]  It may also save

---

[4] *See McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164 (D. Nev. 2014); *Badger v. Wal-Mart Stores, Inc.*, 2:11-cv-1609-KJD-CWH, 2013 WL 3297084 (D. Nev. Jun. 28, 2013); *Alexander v. Wal-Mart Stores, Inc.*, 2:11-cv-752-JCM-PAL, 2013 WL 427132 (D. Nev. Feb. 1, 2013).

[5] *Luce v. United States*, 469 U.S. 38, 40 n. 4 (1984).

[6] *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003) (quoting *Kelly v. New W. Fed. Savs.*, 49 Cal. App. 4th 659 (Cal. Ct. App. 1996)).

time by minimizing side-bar conferences and other trial disruptions and by preventing the need to call some witnesses.[7]

These considerations are weighed against the court's ability to consider evidence in the context of trial, where the court is "better situated . . . to assess the value and utility of evidence."[8]  Limine rulings are provisional; they are "not binding on the trial judge [who] may always change [her] mind during the course of a trial."[9]  Denying a motion in limine does not guarantee that all evidence raised in the motion will be admissible at trial.[10]  Instead, it "merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."[11]

**A.   Evidence of Medical-provider Discounts**

Wal-Mart asks me to limit Pate's medical-expense evidence to the amounts that were actually paid to her medical providers.  Wal-Mart argues that allowing Pate to present evidence of amounts that her providers billed but were not paid for would render her claimed damages "illusory" and permit her to "manufacture a windfall" at taxpayer expense.[12]  Wal-Mart cites decisions from courts in other federal districts, the California Supreme Court's decision in *Howell v. Hamilton Meats & Provisions*,[13] and the Nevada Supreme Court's decision in *Tri-*

---

[7] *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

[8] *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("A better practice is to deal with question of admissibility of evidence as they arise.").

[9] *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000) (citing *Luce*, 469 U.S. at 41–42 (noting that in-limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

[10] *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

[11] *Id.*

[12] ECF 48 at 2.

[13] *Howell v. Hamilton Meats & Provisions*, 52 Cal. 4th 541 (Cal. 2011).

1   *County Equip. & Leasing, LLC v. Klinke*[14] to support its argument.[15]  Pate responds that Wal-

2   Mart has not identified a single adjustment, write-off, or discount,[16] and that Wal-Mart's request

3   asks me to ignore Nevada's well-established law prohibiting admission of collateral-source

4   evidence at trial for any purpose.[17]

5         In a diversity action like this one, a federal court applies state substantive law and federal

6   procedural law.[18]  "[S]tate evidence rules that are 'intimately bound up' with the state's

7   substantive decision making must be given full effect by federal courts sitting in diversity."[19]

8   "Moreover, some state law rules of evidence 'in fact serve substantive state policies and are more

9   properly rules of substantive law within the meaning of'" *Erie R.R. v. Tompkins*, 304 U.S. 64

10  (1938).[20]

11        Nevada has "a *per se* rule barring the admission of a collateral source of payment for an

12  injury into evidence for any purpose."[21]  When adopting this rule, the Nevada Supreme Court

13  followed the United States Supreme Court in concluding that "the prejudicial impact of collateral

14  source evidence *inevitably* outweighs the probative value of [that] evidence on the issue of a

---

[14] *Tri-County Equip. & Leasing, LLC v. Klinke*, 286 P.3d 593 (Nev. 2012) (en banc).

[15] ECF 48 at 2–4.

[16] ECF 50 at 4 (I assume that Pate's references to "Urban" and "himself" are typographical errors).

[17] ECF 50 at 4–7.

[18] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *accord Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

[19] *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (quoting *Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995)).

[20] *Id.*

[21] *Proctor v. Castelletti*, 911 P.2d 853, 854 (Nev. 1996) (per curiam).

4

plaintiff's credibility and motives."[22]  "'[T]he focal point of the collateral source rule is not whether an injured party has incurred certain medical expenses.  Rather, it is whether a tort victim has received benefits from a collateral source that cannot be used to reduce the amount of damages owed by a tortfeasor.'"[23]  Although an evidentiary doctrine, Nevada's collateral-source rule is closely tied to Nevada's substantive policy and thus constitutes substantive law of this state within the meaning of *Erie*.  Thus, Wal-Mart's non-Nevada authorities are not persuasive. *Klinke*, however, is persuasive—but not for the reasons that Wal-Mart believes.

    In *Klinke*, the en banc Nevada Supreme Court reiterated that Nevada recognizes a narrow statutory exception to the collateral-source rule for the admission at trial of evidence of workers' compensation payments.[24]  Although the exception outlined in *Klinke* depends on a workers' compensation statute (NRS 616C.215) that does not apply in this general tort case, the *Klinke* court provided guidance on whether medical-provider discounts in a non-workers' compensation case fall within the scope of Nevada's collateral-source rule.  The court recounted numerous cases where courts had addressed that issue and concluded from those "competing authorities, it is apparent that there are numerous reasons for medical provider discounts, including discounts that result when an injured party's insurance has secured medical provider discounts as part of the health insurance plan."[25]  "At least in those circumstances," the court continued, "such benefits may reside within the scope of the collateral source rule, although that is a legal issue we leave for a case that requires its determination."[26]  Further, "Whether the collateral source rule applies to other types of medical expense discounts would require evidence of the reason for the

---

[22] *Id.* (citing *Eichel v. New York Central R.R. Co.*, 375 U.S. 253 (1963)).

[23] *Klinke*, 286 P.3d at 598 (Gibbons, J., concurring) (quoting *Acuar v. Letourneau*, 531 S.E.2d 316, 322 (Va. 2000) (quotations omitted)).

[24] *Id.* at 595 (citing *Cramer v. Peavy*, 3 P.3d 665, 669 (Nev. 2000)).

[25] *Id.* at 597 n. 6 (collecting cases).

[26] *Id.*

1  discount and its relationship to the third-party payment."[27]   Justice Gibbons went further in his

2  concurring opinion to explain "that the collateral source rule bars the introduction of evidence

3  showing medical provider discounts or write-downs. . . ."[28]   Justice Gibbons determined that his

4  conclusion "is consistent with a majority of jurisdictions that have addressed this issue."[29]

5  "Evidence of payments showing write-downs is irrelevant to a jury's determination of the

6  reasonable value of medical services and will likely lead to jury confusion."[30]

7         Wal-Mart offers no evidence that Pate received any discount, write-down, or adjustment.

8  Rather, Wal-Mart merely speculates that, because Pate is a recipient of Medicaid benefits, she

9  received discounts, write-downs, or adjustments on the approximately $136,000 that she

10  disclosed in medical expenses.[31]   The failure to identify the specific evidence that it wants

11  excluded from trial is fatal to Wal-Mart's in-limine motion.[32]   And the category of discount that

12  Wal-Mart broadly identifies—Medicaid adjustments—is precisely the type of discount "that

13  result[s] when an injured party's insurance company has secured a medical provider discount as

14  part of the health insurance plan" that the *Klinke* court opined "may reside within the scope of the

15  collateral source rule."[33]   With this guidance, and on the evidence before me, I decline to

16  recognize an exception to Nevada's collateral-source rule for medical-provider discounts.  I thus

17

18

19  [27] *Id.*

20  [28] *Id.* at 598 (Gibbons, J., concurring).

21  [29] *Id.* (Gibbons, J., concurring) (collecting authorities).

22  [30] *Id.* (Gibbons, J., concurring).

23  [31] ECF 48 at 2.

24  [32] *Sundstrand Corp. & Subsidiaries v. Comm. of IRS*, 89 T.C. 810 (1987) (providing that the

25  motion in limine procedure "'should be used, if used at all, as a rifle and not as a shotgun.'"

26  (quoting *Lewis v. Buena Vista Mut. Ins. Assn.*, 183 N.W.2d 198, 201 (Iowa 1971))).

27  [33] *Klinke*, 286 P.3d at 597 n. 6.

28                                                 6

deny Wal-Mart's motion to limit Pate's medical-expense evidence to the amounts that were actually paid to the medical providers.

**B.    Evidence of Wal-Mart's Financial Condition**

Wal-Mart asks me to exclude evidence of its financial condition from trial, arguing it is irrelevant and that introduction of this evidence would be unfairly prejudicial to Wal-Mart.[34] Pate responds that she is not opposed to Wal-Mart's request and does not intend to introduce any evidence of Wal-Mart's financial condition.[35]  With the parties in agreement, Wal-Mart's request to exclude evidence of its financial condition is granted.

**C.    Evidence of Pate's Post-traumatic Stress Disorder**

Wal-Mart's final request is that I exclude from trial any evidence regarding Pate's recent claim that she suffers from post-traumatic stress disorder as a result of this incident.  Wal-Mart argues that this condition was not disclosed during the discovery period and, if it had been, Wal-Mart would have elected to "conduct a neuropsychiatric, neuropsychological or psychological Rule 35 examination."[36]  Pate responds that she will not seek to introduce any evidence regarding care for the condition known as post-traumatic stress disorder, but requests that she not be prohibited from testifying about the general pain, suffering, and mental anguish she has suffered as a result of the incident.[37]  Wal-Mart's motion is directed only to evidence concerning the Pate's belated claim that she suffers from post-traumatic stress disorder.  Wal-Mart's request is granted.  Pate may not claim or introduce evidence that she suffers from post-traumatic stress disorder.  This ruling does not limit in any other way her ability to testify about her pain, suffering, and mental anguish.

---

[34] ECF 48 at 4–5.

[35] ECF 50 at 9.

[36] ECF 48 at 6.

[37] ECF 50 at 9–10.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Wal-Mart's motion in limine **[ECF 47] is GRANTED.** Pate may not claim damages or offer evidence or testimony from witnesses that were not timely disclosed.  Specifically, Pate may not claim or offer at trial:

1. Witness testimony other evidence regarding, or a claim for, future care or treatments;

2. The following documents:

  a. Billing from Nevada Spine Clinic (Bates #QP1060);

  b. Records and billings from Dr. LaTourette (Bates #QP1061to1085);

  c. Records and billings from Diagnostic Center of Medicine Dr. Damji (Bates #QP1086 to 1096);

  d. Records and billings from Shadow Emergency Physicians (Bates #QP1097 to 1104);

  e. Records from Ventura County Medical Center (Bates #QP1105 to 1113);

  f. Records from St. John's Regional Medical Center (Bates #QP1114 to 1197);

  g. Records from Los Robles Hospital (Bates #QP1198 to 1252);

  h. Records and billings from UMC (Bates #QP1253 to 1254);

  i. Records from Southwest Medical Associates (Bates #QP1255 to 1262);

  j. Records and billings from Desert Radiologists (Bates #QP1263 to 1264);

  k. Records from Valley Hospital (Bates #QP1265 to 1518);

  l. Records and billings from Southwest Medical Associates (Bates #QP1519 to 1720);

  m. Records and billings from Delmar Gardens of Green Valley (Bates #QP1721to1897);

  n. Records and Billing from EMP of Clark UMC re DeJior Payne (Bates

8

1                                       #QP1898);

2                o.        Records and billing from Dr. Chopra (Bates #QP1900 to 1903);

3                p.        Records and billings from Fremont Emergency Services (Bates #QP1904

4                                         to 1909);

5                q.        Records and billings from Ventura County Medical Center (Bates

6                                         #QP1911 to 1970);

7                r.        Billing from Dr. Rosler (Bates #QP12975);

8                s.        Billing from Valley Hospital (Bates #AP1976 to 1981);

9                t.        Records from Dr. Minott (Bates #QP1982 to 1983);

10               u.        Records from University Medical Center (Bates #QP1984 to2012);

11               v.        Records and billing from Sunrise Pediatrics (Bates #QP2013 to 2023);

12               w.        Records and billings from University Medical Center (Bates #QP2024 to

13                                         2027);

14               x.        Records and billings from Desert Radiology (Bates #QP2028 to 2029);

15               y.        Records and billings from Dr. Chopra (Bates #QP2030 to 2053);

16               z.        Records and billings from Smoke Ranch Surgery Center and/or Dr. Rosler

17                                         (Bates #QP2054 to 2057); and

18             aa.        Records from Dr. Sujanani (Bates #QP2058 to 2059).

19        3.        And testimony from the following witnesses:

20               a.        Robert Schofield, PA-C (Centennial Hills Hospital);

21               b.        Salah Baydoun, M.D. (Centennial Hills Hospital);

22               c.        Marc D. Jeser, D.O. (Centennial Hills Hospital);

23               d.        Ginger Lane, PA-C (Centennial Hills Hospital);

24               e.        Lars E. Blomberg, M.D. (Centennial Hills Hospital);

25               f.        Kevin T. Slaughter, M.D. (Centennial Hills Hospital);

26               g.        Cassaundra D. Lindsey-Brown, M.D. (Centennial Hills Hospital);

27

28                                        9

1      h.      Jimmy Shih, M.D.;

2      i.      Custodian of Records from Desert Radiologists;

3      j.      PMK for Flamingo Emergency Services;

4      k.      Custodian of Records from Flamingo Emergency Services;

5      l.      Syed S. Ahmad, M.D. (Valley Hospital);

6      m.      Elena P. DeJanero, M.D. (Valley Hospital);

7      n.      Beraldo A. Vazquez-Correa, M.D. (Valley Hospital);

8      o.      Herbert A. Vasquez, M.D. (Valley Hospital);

9      p.      Suresh J. Rodil, M.D.;

10      q.      Ammon G. Strehlow, D.C.;

11      r.      Afshin Doust, M.D.;

12      s.      Wayne E. Jacobs, M.D. (Radiology Specialists);

13      t.      Clarence M. Dunagan, M.D. (Radiology Specialists);

14      u.      Ronald F. Sauer, Jr., D.O. (Radiology Specialists);

15      v.      Allen Erisman, D.O. (Radiology Specialists);

16      w.      Arthur A. Montes, M.D. (Radiology Specialists);

17      x.      Sandesh K. Singh, M.D. (Radiology Specialists);

18      y.      Brett A. Christian, M.D. (Radiology Specialists);

19      z.      Shaukat S. Damji, M.D. (Diagnostic Center of Medicine);

20      aa.      Dr. Mukkergee (Diagnostic Center of Medicine);

21      bb.      Anthony Ricciardi, D.P.M.;

22      cc.      Steven Hake, M.D. (Las Vegas Radiology);

23      dd.      Bhuvana Kittusamy, M.D. (Las Vegas Radiology);

24      ee.      PMK for UMC Quick Care;

25      ff.      Custodian of Records for UMC Quick Care;

26      gg.      Hai Nguyen, M.D. (Southwest Medical Associates);

27

28

hh.     Michael Brown, M.D. (Southwest Medical Associates);

ii.      Inna Zdorovyak PCP (Southwest Medical Associates);

jj.      Custodian of Records for Southwest Medical Associates;

kk.    Kristine Supple, P.A. (Community Memorial Hospital Laboratory);

ll.      Custodian of Records for Community Memorial Hospital Laboratory;

mm.   PMK for Matt Smith Physical Therapy;

nn.    Custodian of Records for Matt Smith Physical Therapy;

oo.    PMK for Ronald Regan Medical Center;

pp.    Custodian of Records for Ronald Regan Medical Center;

qq.    Sylvana L. Guidotti, M.D.;

rr.     Custodian of Records for Ventura County Medical Center (Santa Paula Hospital);

ss.     Richard Wagner, M.D.;

tt.      Custodian of Records for St. John's Regional Medical Center;

uu.    Nancy Sun, M.D. (HCA Los Robles Hospital & Medical Center);

vv.    Richard Bendon, M.D. (HCA Los Robles Hospital & Medical Center);

ww.   John Kudirka, M.D. (HCA Los Robles Hospital & Medical Center);

xx.    Paul David, M.D. (HCA Los Robles Hospital & Medical Center);

yy.    Christine Lau, M.D. (HCA Los Robles Hospital & Medical Center);

zz.    Sheel Sanjiv, M.D. (HCA Los Robles Hospital & Medical Center);

aaa.   PMK for HCA Los Robles Hospital & Medical Center;

bbb.   Custodian of Records for HCA Los Robles Hospital & Medical Center;

ccc.   Saxena Samir, M.D.;

ddd.   Custodian of Records for Delmar Gardens of Green Valley;

eee.   Christopher A. Minott, M.D. (Urology Specialists);

fff.    Michele McKee, M.D. (University Medical Center):

1    ggg.    Sanjay Kandoth, M.D. (Sunrise Pediatrics);

2    hhh.    Consuelo Carrales, M.D. (Sunrise Pediatrics);

3    iii.    Yoana Peteva, M.D. (Sunrise Pediatrics);

4    jjj.    Shahrokh Assemi, M.D. (Desert Radiologists);

5    kkk.    Gobinder S. Chopra, M.D.; and

6    lll.    Sunita Sujanani, M.D. (West Ventura Medical Clinic).

7    IT IS FURTHER ORDERED that Wal-Mart's motion in limine **[ECF 48] is DENIED** as

8    to its request to limit Pate's medical-expense evidence to amounts that were actually paid to the

9    providers.  Pate can offer admissible medical-expense evidence without regard to whether the

10   providers were paid for the full amounts billed.  Wal-Mart may not offer evidence of any

11   adjustment, write-down, or discount of those medical expenses.

12   IT IS FURTHER ORDERED that Wal-Mart's motion in limine **[ECF 48] is GRANTED**

13   as to its request to exclude evidence of Wal-Mart's financial condition and to exclude evidence

14   of the specific condition known as post-traumatic stress disorder.  Pate may not offer evidence of

15   Wal-Mart's financial condition.  Nor may Pate offer evidence of the specific condition known as

16   post-traumatic stress disorder.  Pate can, however, offer admissible evidence regarding the

17   general pain, suffering, and mental anguish that she allegedly suffered as a result of the incident.

18   Dated this 20th day of October, 2015.

19   _____

20   Jennifer A. Dorsey
     United States District Judge

21

22

23

24

25

26

27

28