**GAMAGE & GAMAGE**
Amy M. Gamage, Esq.
Nevada Bar No. 009304
William H. Gamage, Esq.
Nevada Bar No. 009024
1775 Village Center Circle., Suite 190
Las Vegas, Nevada  89134
Telephone:  (702) 386-9529
*Attorneys for Plaintiffs Quatrela Pate and*
*Quatrela Pate as Guardian of De'jior Payne*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

**********

| | |
|---|---|
| QUATRELA PATE, individually and as Guardian of DE'JIOR PAYNE, a minor<br><br>Plantiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | CASE NO. :  2:12-cv-1377-JAD-PAL<br><br>**STIPULATION TO EXTEND TIME REGARDING COMPLIANCE WITH THE COURT'S ORDER ON DEFENDANT'S MOTION TO ENFORCE SETTLEMENT (DKT NO. 82)**<br><br>**FIRST REQUEST** |

IT IS HEREBY STIPULATED AND AGREED, by and between Brenda H. Entzminger, Esq., counsel for Defendant WAL-MART STORES, INC (hereinafter "Wal-Mart"), and William H. Gamage, Esq. counsel for Plaintiffs QUATRELA PATE and DE'JIOR PAYNE that the time for Plaintiffs to comply with the terms of the Court's Order on Defendant's Motion to Enforcement Settlement be extended ninety (90) days to and including August 11, 2016 based upon the following good cause:

1.     On or about April 15, 2016, this Court filed an Order requiring Plaintiffs to do the following on or before May 13, 2016:

   a.  Complete Wal-Mart's lien-verification form;

   b.  Execute and Return to Wal-Mart counsel Wal-Mart's standard release for Medicare / Medicaid recipients; and,

c.   Prepare and file with this court a Petition to Compromise Minor's Claim.

2.   To date, Plaintiffs have determined there are approximately 36 medical providers with potential liens; Medicare and Medicaid have potential subrogation liens; and 3 prior attorney's have asserted liens.

3.   On or about April 6, 2016, Counsel began the process of obtaining balance verifications from all medical providers along with Medicare and Medicaid. Medicare only recently acknowledged receipt of our letter requesting a subrogation balance on May 2, 2016. Based upon past experience with Medicare subrogation negotiations, Counsel will not have a balance for another 30-60 days.

4.   After receipt of the subrogation balance from Medicare, Plaintiffs' Counsel anticipates having to justify exclusion of a number of covered medical procedures as not related to this settlement.

5.   Plaintiffs' Counsel intends to seek forgiveness of Plaintiffs' subrogation requirements due to her disability and income status.

6.   Counsel for the Parties have conferred on this extension of time (First Request) and are in agreement.

7.   This request for an extension of time is not for purposes of delay or to prejudice any party.

DATED THIS  13th day of May, 2016

PHILLIPS, SPALLAS & ANGSTADT, LLC

By:  /s/ Brenda H. Entzminger
_____
Brenda H. Entzminger
NV Bar No. 9800
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
*Counsel to Defendant WAL-MART STORES, Inc.*

DATED THIS  13th day of May, 2016

GAMAGE & GAMAGE

By:   /s/ William H. Gamage, Esq.
_____
William H. Gamage, Esq.
Nevada Bar No. 009024
1775 Village Center Circle., Suite 190
Las Vegas, Nevada  89134
Telephone:  (702) 386-9529
*Attorneys for Plaintiffs Quatrela Pate and Quatrela Pate as Guardian of De'jior Payne*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| QUATRELA PATE, individually and as Guardian of DE'JIOR PAYNE, a minor<br><br>Plantiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | CASE NO.:   2:12-cv-1377-JAD-PAL<br><br>**ORDER ON STIPULATION TO EXTEND TIME REGARDING COMPLIANCE WITH THE COURT'S ORDER ON DEFENDANT'S MOTION TO ENFORCE SETTLEMENT (DKT NO. 82)** |

## <u>ORDER</u>

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. On or about April 15, 2016, this Court filed an Order requiring Plaintiffs to do the following on or before May 13, 2016:

   a. Complete Wal-Mart's lien-verification form;

   b. Execute and Return to Wal-Mart counsel Wal-Mart's standard release for Medicare / Medicaid recipients; and,

   c. Prepare and file with this court a Petition to Compromise Minor's Claim.

2. To date, Plaintiffs have determined there are approximately 36 medical providers with potential liens; Medicare and Medicaid have potential subrogation liens; and 3 prior attorney's have asserted liens.

3. On or about April 6, 2016, Counsel began the process of obtaining balance verifications from all medical providers along with Medicare and Medicaid. Medicare only recently acknowledged

receipt of our letter requesting a subrogation balance on May 2, 2016. Based upon past experience with Medicare subrogation negotiations, Counsel will not have a balance for another 30-60 days.

4. After receipt of the subrogation balance from Medicare, Plaintiffs' Counsel anticipates having to justify exclusion of a number of covered medical procedures as not related to this settlement.

5. Plaintiffs' Counsel intends to seek forgiveness of Plaintiffs' subrogation requirements due to her disability and income status.

6. Counsel for the Parties have conferred on this extension of time (First Request) and are in agreement.

7. This request for an extension of time is not for purposes of delay or to prejudice any party.

IT IS HEREBY ORDERED ADJUDGED AND DECREED, that Plaintiffs shall have until August 11, 2016 to comply with the terms of the Court's Order on Defendant's Motion to Enforcement Settlement (Dkt. No. 82).

DATED This _____ day of _____, 2016.

_____
UNITED STATES DISTRICT JUDGE